Robert HELMS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14908.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Rehearing Denied April 23, 1969.

Jay D. Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Robert Helms, hereinafter referred to as defendant, was charged in the District Court of Tulsa County with the crime of Murder. Prior to the trial he was twice committed to the Eastern State Hospital for observation and was reported to be capable of distinguishing right from wrong and assisting in the preparation of his defense.

The case was called for trial on the 13th day of March, 1967, both sides announced ready, thereafter a jury was selected and testimony and evidence thereon was offered until the defendant appeared in open court with counsel, announcing his desire to withdraw his plea of not guilty and enter a plea of guilty to the included offense of Manslaughter in the First Degree. The prosecuting attorney agreed to this with some reluctance stating that he would

recommend a minimum of 35 years imprisonment.

The court, prior to the acceptance of the plea of guilty, advised the defendant of his right to a jury trial, the nature and consequence of the plea of guilty, and stated that he would probably give the defendant a sentence of from 35 years to life imprisonment. At the request of counsel for defense who wished to present additional matters to the court on the defendant's mental capacity, the judgment and sentence was delayed until the 26th day of March, 1968, at which time counsel for defense reiterated the statements previously made to the court of the low mental capacity of the defendant and related that he had talked with numerous persons, but admitted that although the defendant had twice been examined by psychiatric experts, no medical doctor, psychiatrist or other qualified person, had indicated that the defendant was not capable of assisting in the preparation of his case for trial. Notwithstanding this, counsel for defendant expressed his view that the defendant was not capable of assisting in the trial or understanding the nature and consequence of the entrance of his plea because of his family background of mental instability, his retarded mental condition, and his illiteracy. Counsel for defense requested a jury trial on the issue of present sanity, but did not seek to withdraw the plea of guilty. In order that the record might not be silent on behalf of the State, the prosecuting attorney stated that he had interviewed witnesses such as the Deputy Sheriffs and newspaper personnel who had observed the defendant, and that if they were called upon to testify they would state, as lay men, that in their opinion the defendant was able to discern right from wrong and appreciate the consequence of his act.

The trial judge based his ruling on his observation of the defendant and on two previous psychiatric examinations and the fact that the only qualified expert testimony received by the court established that the defendant was capable of distinguishing right from wrong and could assist counsel in his defense. The court then determined that there had not been enough evidence presented by counsel for defense as to the present sanity of the defendant to require a jury trial on that issue and overruled the request for a jury trial and sentenced the defendant to an indeterminate sentence of from 35 years to 105 years imprisonment. This judgment and sentence was entered on the 26th day of March, 1968; however, formal sentencing was withheld for ten days, or until April 16, 1968. Thereafter, counsel for defense filed a Motion to Vacate the Judgment and Sentence and a Motion for New Trial, both of which were overruled, and a timely appeal has been perfected to this Court.

On appeal the defendant argues two assignments of error. It is first contended that "the assessment of punishment for a term of years beyond the span of life presently allotted to a human being is cruel and unusual punishment." No cases are cited in this jurisdiction or any other jurisdiction, wherein the duration of punishment provided by the Legislature was held to be unconstitutional, but to the contrary, the authorities generally hold that the nature of the punishment inflicted is the determinative factor to be considered on this constitutional issue.[1] It appearing to the Court that the punishment imposed for the offense of Manslaughter in the First Degree is within the range provided by law and in accordance with the indeterminate sentence law, we are of the opinion that this assignment of error is without merit.[2]

1. See 24B C.J.S. Criminal Law § 1978.

2. As part of the defendant's brief, he contends that the Pardon and Parole Board will not consider defendant for parole as soon under the 35 to 105 year indeterminate sentence as he would have been considered under an indeterminate sentence of 35 years to life imprisonment. While this argument is not determinative of any issue which might entitle the defendant to a new trial, such a statement does not comport with the practice of that Board and certainly a prisoner sentenced

The defendant's second contention is: "Error of the Honorable Trial Court in accepting defendant's plea of guilty, without giving said defendant a jury trial, as provided under the laws of the State of Oklahoma, to judicially determine whether or not the defendant was legally mentally competent to enter such plea, at such time."

Title 22 O.S. § 1162 provides:

"When an indictment or information is called for trial, or upon conviction the defendant is brought up for judgment, if a doubt arise as to the sanity of the defendant, the court must order a jury to be impaneled from the jurors summoned and returned for the term, or who may be summoned by direction of the court, to inquire into the fact."

Title 22 O.S. § 1163 further provides:

"The trial of the cause or the pronouncing the judgment, as the case may be, must be suspended until the question of insanity is determined by the verdict of the jury."

█ It is abundantly clear in the instant case that while the trial judge recognized the defendant to be retarded in his mental development, there was no expert testimony offered to counteract the diagnosis made by the psychiatrist on the commitments prior to the trial and counsel's statement standing alone under all the facts and circumstances, did not raise a sufficient doubt as to the sanity of the defendant and it was thus unnecessary to impanel a jury for the determination of that issue. We are of the opinion that the trial court's ruling under the circumstances here presented, was imminently correct.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

---

to serve from 35 to 105 years would be considered by them as soon as, if not sooner than, one sentenced to life imprisonment.